Michael Clough on behalf of Mr. Hernandez. I would like to reserve five minutes. I'll try to be brief and respond. It counts down, so keep your eye on it. I understand. Thank you. If it pleases the Court, I think the issues in this case are fairly straightforward. I would like to begin, though, by adding one factual detail that I think was not sufficiently emphasized in my brief that only slightly affects the second claim relating to judicial whether or not there was an abuse of discretion, and that is that I think in the briefs, both my briefs and the government's briefs, it wasn't clarified that Attorney Willoughby was actually retained as opposed to appointed. I don't think that fundamentally changes the analysis except in one respect, that with duties and obligations were. It was a duty of inquiry. Given the fact that he wasn't appointed, the Court could not have removed Willoughby without first making an inquiry. So just to be clear, that's the argument there. Okay. Thank you. With regard to the waiver issue, I'm happy to discuss that at length if the panel wishes. I think it's fairly clear. I think that, as I point out, that 20, I think it's C, of the plea agreement establishes that he has a right to counsel in future proceedings if, in fact, he did not have a right to effective assistance of counsel in those later proceedings. Why isn't the appeal waiver effective here? Because I think What was involuntary? It says only unless his plea was involuntary. So what made his plea involuntary? Well, I would argue two things. One, I would say that just to distinguish Rahman, because we've got to realize in Rahman, the case was where there actually was the appointment of alternative counsel. No. Just tell me why his, at the time he gave his plea, that he was pleading involuntarily. I think that the underlying motion to, for a new trial is premised on the fact that it was involuntary. So that the claim that he was Right. But what are the facts? What made it involuntary? That's a simple question. What was involuntary at the time? The ineffective assistance of counsel was And what was the ineffective assistance of counsel? The ineffective assistance of counsel was stated clearly on the record, and I think the government's records establish it at length. Mr. Willoughby states on the record that he gave false advisement, states What was the false advice? In terms of what his understanding of what the sentence that Mr. Hernandez was going But that was all explained to him by the judge. The Are you telling us that there was a side agreement, that there was a side understanding that was not comprehended in the appeal waiver? To be clear, we're in a situation in which we don't know whether there was a side agreement Well, okay, because Counsel, you've got a couple of problems. The district judge asked the government's attorney, it asked Mr. Willoughby, and it asked your client whether there was any side agreement. Each one of them told the judge no. So in order to get there, you're going to have to find three people stood up in front of a district judge and lied. Your Honor, I'm very aware of that. I think the problem in this case, though, is this is not a question. We never got to the stage that we would have gotten to in whether in which there was a voluntary waiver, because the only way that you can get to that phase would have been at the point in time in which it became clear that Mr. Willoughby had a conflict, that he would have been withdrawn and a competent counsel without a conflict would have examined the case and determined whether or not there was in fact a basis for Also, in terms of the plain language of the plea agreement, Waiver of Constitutional Rights 20 says defendant understands, however, that despite defendant's guilty pleas, defendant retains the right to be represented by an attorney. Here's my problem on the record that we have here. It is conceivable, it is possible that all three lied. It is possible that there was a side agreement, or it's possible that there wasn't a side agreement, but that Willoughby lied to his client. But on the current record, there's simply not enough evidence to establish that that is so. Your Honor, I agree with that, which is why the claim that I made is a very narrow claim. The claim is that once it became, once Willoughby files that motion and the government responds with extensive documentation suggesting that Willoughby's position in the new trial motion is false, it clearly creates a conflict for Willoughby. At that point in time, we know there's a conflict. We don't know what the facts are that would or would not support a motion to withdraw the plea. We can't know that. And so when I'm So why isn't the answer to say, you know, we need some more facts here and leave you to 2255? Your Honor, I think that that's a possible avenue. I would suggest that that's not the avenue that the Court should take for the following reason. This is an issue that relates to the integrity of the process itself. The fact that the Court at the time very aptly said how troubled it was that Mr. Willoughby was, in fact, making these arguments. And so my argument is, I'm not disputing at all the fact that if this were a claim that were based on a question of ineffective assistance for counsel in the plea proceedings,  would have to be a 2255 case. But what I'm saying is that this Court has an opportunity, I think, to send a message that is becoming increasingly important given the importance of pleas. But the waiver provision in the plea agreement says the only thing that can be appealed is involuntariness to the plea. It does not say anything about what happens after the plea is taken. So that's not included within the waiver. Well, as I said, I think that there is a – that Clause No. 20, which clearly asserts the defendant's right to retain, to be represented by an attorney, clearly recognizes that there is a right which extends beyond that plea, and that if that clause, if the interpretation of the Court is that – Are you talking about 20C? 20C. The right to have an assistance of an attorney at trial? No. That's what it says. It waives. No, no. It says – At every other stage of the proceedings. At every other stage of the proceedings. This is a stage of the proceedings. And so what I'm saying is, and I think that that's – That would be like the sentencing. That would be like the sentencing proceeding. Or a motion to withdraw a plea, which is what we were talking about. Okay. I mean, that doesn't seem – that doesn't seem extraordinary. I don't see what additional rights that gives you when you've signed – when your client has signed an appellate waiver. No. But I'm saying that that clause, as I read it, maybe I'm reading it wrong, the Court – obviously it's plain language – suggests that he has a continuing right to representation of counsel at sentencing, at the plea withdrawal phase. And so that if, in fact, we're saying that the only thing that could be in a voluntary plea, then that's, in effect, saying – What do we do with the district court's specific findings that the plaintiff just had buyer's remorse here? Your Honor, I don't think on the record we can make that determination. In fact, and I want to focus on – Is it erroneous for the court to have made that finding? I think that the record simply doesn't support a finding on that, and just to reserve my last two minutes, I think that a very important fact in this case is that the court said, one of the problems here is we don't have a declaration from the defendant. And we don't have a declaration of the defendant. I suggest that that even goes to the heart of the question of why there is a conflict. Because if, in fact, you had an independent attorney, they would have made sure he had a declaration, and they would have had no incentive to have that declaration not lay out the full facts of what may or may not have happened in the discussions between Mr. Willoughby and his client. If the story Willoughby tells is true. If the story that Willoughby tells is true. And then you're right back to a 2255. You're right back to alleging ineffective assistance of counsel, aren't you? But the point being is that you had to have – represented by a counsel at a critical stage. The record establishes – I think this is one of those few cases where anyone who reads this record sees that Willoughby was not – there was a problem here. And the court recognized it. And with that, I'll save my last 45 seconds. Let's hear from the government. We will give you a chance to respond. Or I should say, we'll hear from the state. Good morning. May it please the court. Cori Lee on behalf of the government. Just wanted to make two brief points. One that Mr. Call already brought up. The waiver in the plea agreement is enforceable and it waives the right to appeal his conviction and this extends into the motion to withdraw and the denial of the motion to withdraw as the court has clearly established in United States v. Rahman. But the second point, to the extent that the defendant is claiming ineffective assistance of counsel and that ties in with the voluntariness of his plea, then I think the proper venue is 2255. That's where we can vet out the facts of whether there was ineffective assistance of counsel, perhaps get declarations from the defendant and defense counsel. But the plea agreement did contemplate that he could withdraw his plea if it had been given involuntarily. Yes. And he claims it was given involuntarily because he got bad advice from his counsel but he shows up at that hearing with the same counsel who says he gave him bad advice. That does seem like a little bit of a conflict in which maybe he was entitled to somebody different at that point. Otherwise, he's going to be deprived of an opportunity in the first instance to challenge it as involuntary, right? Certainly. At that point, if he had requested substitution of counsel as he had in the past during the course of the trial, the district court certainly raised the issue that it was concerned that Mr. Willoughby didn't recuse himself. But given the record, if you look at it, the district court found that the claim of misadvisement was not credible based on the plea colloquy, the negotiation. Was Mr. Hernandez in the courtroom after the sentences is imposed? You're faulting him for not objecting to what Willoughby's doing. Is he there? Yes. Even though he's already been sentenced and this is a motion to withdraw the plea? Yes, Your Honor. So he's present in the courtroom? Yes, he is present in the courtroom. And given the circumstances of the whole event, if you look at the court record, the plea negotiation process, the fact that defense counsel or trial counsel didn't himself request recusal and the defendant didn't request substitution, it only goes to show that there may have been complete alignment in the argument in the motion to withdraw and that there was cooperation from the defense defendant and trial counsel at the time. So it wasn't clear that perhaps the district court might be interfering into some sort of a motion to withdraw strategy. Having said that, that whole issue would be really outside the scope of a direct appeal based on United States v. Rahman. If the claim is that there was conflict and there was ineffective assistive counsel, that should really be vetted out during the habeas process. Okay. Any questions from the bench? Then the government submits, Your Honor. Okay, thank you. You've saved some time. Yeah. And maybe the government will even give you a little bit of the time. Well, I've got two quick points and then I'll defer to the questions so the court can control how much time I have. The first question, which I didn't emphasize that I think is important is that and doesn't seem to be disputed by the government is that if there is in fact an actual conflict, they dispute that there was an actual conflict, but if there is an actual conflict, then there's no prejudice analysis required. You're asking us to presume there's a conflict. No, I'm not asking to presume a conflict. No, kind of. I think the record establishes a conflict in the following ways. First, the language that Willoughby uses in order to try to explain away how he committed misadvisement. He doesn't use the word ineffective assistance of counsel. Any competent counsel in his position would have done a Strickland analysis, would have explained specifically why there was not effective representation in the pleas and also would have very specifically understood and recognized that the prejudice in a IAC case involving a plea is different than the prejudice in a trial. The prejudice is essentially would the client have not pled? And so those questions would have been addressed by competent counsel. Mr. Willoughby, I don't think, I don't want to say I think, I don't think, Mr. Willoughby had no interest in actually having a full vetting of his ineffectiveness. So instead what he does is invent a term that has no legal basis that I know of, misadvisement, and then tries to say that the government, his misadvisement was based on the government's misrepresentations. And I think the government did a more than adequate job of establishing the record as to their communications with regard to Mr. Willoughby. And so to come back to the final point. Did the judge misadvise, Mr. Hernandez? Did the judge during the plea process? No, I'm not, to be absolutely. So he got the correct advice from the judge. Do you agree? He didn't get the correct advice from the judge. I'm saying that we don't, we can't reach that issue because the question, the only way that we can answer the question of whether or not that plea was involuntary is if Mr. Hernandez were represented by competent counsel in the motion. Well, you're right back to what Judge Fletcher was talking about, and that is 2255. That's where you talk about ineffective assistance of counsel. Your Honor, I do a lot of 2255 work. I understand very clearly this is not a case that I think requires 2255. And I would suggest that it's also not in the interest of the judicial system and judicial economy to force things into a 2255 process in this case for a couple of reasons. Speaking only for myself, if you're going to live or die on the record here and you say you don't want a 2255, you lose because there's just not enough here for me to rule for your client. I'm not saying I don't want a 2255, but I just want to establish that I think the conflict is established on the record. The ineffective assistance of counsel isn't established on the record, but the claim is that Mr. Willoughby had a conflict. I think the record establishes the conflict. I don't think it establishes the ineffective assistance of counsel. So in that regard, there wouldn't be a necessity for 2255. And I think also, and I'll just end on this with what I started, if this were a case that required proof of prejudice, then I think it would clearly be a 2255, but it turns on whether the court finds that the record establishes enough evidence that there's an actual conflict. If there's an actual conflict, I think that warrants a decision on appeal. Thank you. Thank you very much. Thank you both sides. United States v. Hernandez, now submitted for decision.
judges: Ezra, Fletcher, Bybee